UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |
|---|---|
| GREGG K. SILVERS,<br><br>    Plaintiff,<br><br>vs.<br><br>BLUE CROSS AND BLUE SHIELD OF TEXAS and MAGELLAN HEALTHCARE.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:17-cv-00731-ALM-CAN<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT BLUE CROSS AND BLUE SHIELD OF TEXAS'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AGAINST IT AND BRIEF IN SUPPORT**

Defendant Blue Cross and Blue Shield of Texas ("BCBSTX"), a division of Health Care Service Corporation, a Mutual Legal Reserve Company, moves to dismiss Plaintiff's claims against BCBSTX pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, stating as follows:

**INTRODUCTION**

Plaintiff's Complaint against BCBSTX for breach of contract must be dismissed for the fundamental reasons that: (1) Plaintiff fails to allege that BCBSTX breached its contract with Plaintiff, and (2) BCBSTX is not a party to the contract that Plaintiff asserts was breached—that is, the contract between Plaintiff and Defendant Magellan Healthcare ("Magellan").

Plaintiff only references one contract between Plaintiff and BCBSTX in the Complaint—the health insurance policy through which Plaintiff and his minor daughter were insured. (*See* D.E. 4 at ¶ 8.) Importantly, Plaintiff does not allege that BCBSTX breached that policy. (*See generally id*.) Rather, Plaintiff only alleges a breach of the Magellan Healthcare Ad Hoc

Organization Rate Agreement ("Magellan Rate Agreement"), which is a contract between Magellan and a third party, not BCBSTX. (D.E. 4 at ¶ 11; D.E. 4-1.) Thus, Plaintiff's claim against BCBSTX fails because BCBSTX is not a party to the Magellan Rate Agreement and BCBSTX could not have, therefore, breached that agreement. (*See* D.E. 4-1). Even if BCBSTX was a party to the Magellan Rate Agreement, Plaintiff's claim still fails because Plaintiff is not a party to the Magellan Rate Agreement and he has not alleged any legal theory by which he is entitled to enforce the contract as a non-party.

In short, Plaintiff fails to state "enough facts to state a claim to relief [against BCBSTX] that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must, therefore, dismiss Plaintiff's breach of contract claim against BCBSTX.

## STATEMENT OF ISSUES

1.  Whether Plaintiff fails to state a breach of contract claim upon which relief can be granted because he does not allege a contract between Plaintiff and BCBSTX that was breached?

## STATEMENT OF FACTS[1]

Plaintiff alleges that he and his minor daughter were covered by an insurance policy with BCBSTX. (D.E. at ¶ 8.) He also alleges that Magellan was the third party administrator of mental health and substance abuse claims under Plaintiff's policy with BCBSTX. *(Id.* at ¶ 4.)

On August 15, 2016, Plaintiff's minor daughter began 184 days of behavioral/mental health treatment at White Horse Ranch. (D.E. 4 at ¶¶ 9, 11.) On September 26, 2016, Magellan and White Horse Ranch executed the Magellan Rate Agreement, which provides that "Magellan will process the claim for covered and authorized behavioral health services [provided by White

---

[1] Plaintiff's allegations are taken as true solely for purposes of this motion. BCBSTX reserves all rights to contest Plaintiff's factual allegations on the merits.

Horse Ranch] at a negotiated rate … [of] $470.00 per diem inclusive of ancillary and professional fees." (D.E. 4-1.) However, the agreement only applies to "covered and authorized behavioral health services." (*Id*.) If the services to Plaintiff's minor daughter were not covered by the terms of her contract with BCBSTX, they are not covered by the Magellan Rate Agreement.

The only parties to the Magellan Rate Agreement are Magellan and White Horse Ranch. (*Id*.) Neither Plaintiff nor BCBSTX are parties to the agreement. (*See id*.) Also, the agreement denies White Horse Ranch any recourse or remedy against entities other than Magellan. (*Id*. ("[I]n no event … shall [White Horse Ranch] … have any recourse against any member or other persons other than Magellan.").)

BCBSTX allegedly paid for some of Plaintiff's daughter's treatment at White Horse Ranch, but then stopped. (D.E. 4 at ¶ 14.) Plaintiff then filed this lawsuit against BCBSTX and Magellan. Plaintiff alleges that BCBSTX breached the Magellan Rate Agreement by failing to pay for all of Plaintiff's daughter's treatment at White Horse Ranch. (D.E. 4 at ¶ 30.)

## LEGAL STANDARD

"A plaintiff's pleading must provide the grounds of his entitlement to relief." *Vestal v. Fed. Nat'l Mortg. Ass'n,* No. CV H-16-3628, 2017 WL 4217165, at *1 (S.D. Tex. Sept. 20, 2017) (granting motion to dismiss plaintiff's complaint, including a breach of contract action). Fed. R. Civ. P. 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a motion under Fed. R. Civ. P. 12(b)(6) "tests the formal sufficiency of the pleadings and is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Id*. at **1–2 (citation and internal quotation marks omitted). "To defeat a motion to dismiss, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Id.* at *2 (citing *Twombly*, 550 U.S. at 547 (2007))

(internal quotation marks omitted). For a complaint to have facial plausibility, the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at *1 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009)). Although the court "must accept as true a plaintiff's factual allegations" when ruling on a motion to dismiss (*Twombly*, 550 U.S. at 555), "[t]he court does not strain to find inferences favorable to the plaintiffs or accept conclusory allegations, unwarranted deductions, or legal conclusions." *Vestal,* 2017 WL 4217165, at *2.

## ARGUMENT

### I.  Plaintiff Fails to Allege that BCBSTX Breached a Contract with Plaintiff.

Plaintiff fails to state a breach of contract claim against BCBSTX because he does not allege that BCBSTX breached a contract with Plaintiff. Under Texas law, the elements required for a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) <u>breach of the contract by the defendant</u>; and (4) damages sustained by the plaintiff as a result of the breach." *Jameel v. Flagstar Bank, FSB,* No. CIV A H-12-1510, 2012 WL 5384177, at *3 (S.D. Tex. Nov. 2, 2012) (citations omitted) (emphasis added) (granting motion to dismiss breach of contract claim against a defendant who was not a party to the contract).

As is established below, Plaintiff's breach of contract claim against BCBSTX is defective because he fails to plausibly allege that (A) BCBSTX breached its insurance policy with Plaintiff, which is the only contract between the two, (B) BCBSTX was a party to the Magellan Rate Agreement, which is the only contract that was allegedly breached, and (C) Plaintiff was a party to the Magellan Rate Agreement.

### A. Plaintiff Does Not Allege that BCBSTX Breached the Insurance Contract, Which Is the Only Contract Between BCBSTX and Plaintiff.

To establish a breach of contract claim against BCBSTX, Plaintiff must allege a contract between itself and BCBSTX that was breached. *See Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 F. App'x 344, 350 (5th Cir. 2011), *cert. denied,* 565 U.S. 881 (2011) (reciting the elements of a breach of contract claim under Texas law and affirming dismissal of claim because, *inter alia*, plaintiff did not allege a factual basis for a breach of any contract between it and the defendant); *Allen v. Washington Mut. Bank,* No. A-15-CV-0411-LY-ML, 2015 WL 4395141, at *6 (W.D. Tex. July 16, 2015), *adopted by*, No. A-15-CV-411-LY, 2015 WL 11438108 (W.D. Tex. Aug. 19, 2015) (court granted motion to dismiss breach of contract claim because, in part, plaintiff failed to allege that defendant breached the terms of their agreement).

Plaintiff does not allege that BCBSTX breached its insurance contract with Plaintiff. (S*ee generally* D.E. 4.) In fact, Plaintiff admits that the Magellan Rate Agreement is the only contract relevant to his breach of contract claim. (D.E. 4 at ¶ 8) ("Silvers was covered by [the BCBSTX policy] … and his minor daughter was an insured dependent … [b]ut the germane contract that this action revolves around is the [Magellan Rate Agreement]."). Accordingly, Plaintiff does not allege that BCBSTX breached the only contract between the Plaintiff and BCBSTX. *See Payne v. Wells Fargo Bank,* N.A., No. 3:12-CV-5219-M BF, 2013 WL 5451856, at *7–8 (N.D. Tex. Sept. 27, 2013) (breach of contract claim did not survive a Rule 12(b)(6) motion to dismiss, because, *inter alia,* plaintiff failed to allege that defendant breached any provisions).

### B. Plaintiff Does Not Allege that BCBSTX Is a Party to the Magellan Rate Agreement, Which Is the Only Contract Allegedly Breached.

Plaintiff also does not allege that BCBSTX is a party to the Magellan Rate Agreement. If

a plaintiff fails to allege that the defendant is a party to the breached contract, the claim must be dismissed. *See The Note Inv. Grp., Inc. v. Assocs. First Capital Corp.*, No. 1:12-CV-419, 2013 WL 11330534, at *2 (E.D. Tex. May 23, 2013) (observing that "a contract confers duties only upon actual parties to the contract" and dismissing a breach of contract claim against a non-party to the agreement); *Meritage Corp. v. Clarendon Nat'l. Ins. Co.,* No. CIV A 3:03-CV-1439, 2004 WL 2254215, at **2-3 (N.D. Tex. Oct. 6, 2004) (dismissing breach of contract claim because a party "not in contractual relationship … cannot be liable … for breach"); *Real Estate,* 422 F. App'x at 350 (affirming dismissal of breach of contract claim where defendant was not party to the contract attached to the complaint).

The Magellan Rate Agreement is the only contract that Plaintiff alleges was breached. (D.E. 4 at ¶ 11.) Plaintiff does not allege that BCBSTX is a party to the Magellan Rate Agreement because the sole parties to that contract are Magellan and Wild Horse Ranch. (*See generally* D.E. 4; *see also* D.E. 4-1.) Indeed, the Magellan Rate Agreement expressly limits any recourse under the Agreement <u>only against Magellan</u>. (D.E. 4-1.) Similarly, Plaintiff does not allege any legal theory to support that BCBSTX owes duties under the Magellan Rate Agreement as a non-party. (*See generally* D.E. 4.) Accordingly, Plaintiff's allegation that BCBSTX breached the Magellan Rate Agreement is implausible and his claim against BCBSTX must be dismissed. *See Lopez v. OM Fin. Life Ins. Co.,* No. CIV A H-09-789, 2009 WL 2591245, at *2 (S.D. Tex. Aug. 19, 2009) (granting motion to dismiss breach of contract claim against a defendant who plaintiff failed to allege was a party to the contract that was allegedly breached).

      **C.**    **Plaintiff Also Does Not Allege that He Is a Party to the Magellan Rate Agreement.**

Finally, Plaintiff does not allege that he is a party to the Magellan Rate Agreement.

*Meritage Corp.,* No2004 WL 2254215, at **2-3 ("Under Texas law, privity of contract is an essential element for recovery under a breach of contract theory."). Indeed, Plaintiff could not allege that he is a party to the Magellan Rate Agreement as it clearly shows that Magellan and White Horse Ranch are the only parties to that contract. (*See* D.E. 4-1.) Moreover, Plaintiff conspicuously fails to plead any legal basis by which he, as a non-party, can sue to enforce the Magellan Rate Agreement. (*See generally* D.E. 4.) Accordingly, his breach of contract claim is deficient for this additional reason. *See Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625–26 (S.D. Tex. 2010) (dismissing breach of contract claim with prejudice because plaintiff was not a party to the agreement and amendment would be futile).

## **CONCLUSION**

For the reasons stated herein, BCBSTX respectfully requests that the Court enter an order dismissing Plaintiff's Complaint against it.

Dated: December 1, 2017

Respectfully submitted,

/s/ *Rebecca R. Hanson*
Martin J. Bishop
Texas Bar No. 24086915
Rebecca R. Hanson (admitted *pro hac vice*)
Illinois Bar No. 6289672
Alexandra M. Lucas (admitted *pro hac vice*)
Illinois Bar No. 6313385
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
Voice: 312.207.1000
Fax: 312.207.6400
Email: mbishop@reedsmith.com
Email: rhanson@reedsmith.com
Email: alucas@reedsmith.com

*Counsel for Blue Cross and Blue Shield of Texas, a division of Health Care Service Corporation, a Mutual Legal Reserve Company*

## **CERTIFICATE OF SERVICE**

      I, Rebecca R. Hanson, an attorney, certify that on December 1, 2017, I caused a true and correct copy of the foregoing document to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record.

                                                                        /s/ Rebecca R. Hanson