**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **GREGG K. SILVERS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **BLUE CROSS BLUE SHIELD OF TEXAS** | ) | **4:17-CV-731-ALM-CAN** |
| **and MAGELLAN HEALTHCARE** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANT MAGELLAN HEALTHCARE, INC.'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Magellan Healthcare, Inc. ("Magellan"), improperly named in the Amended

Complaint as "Magellan Healthcare," by and through undersigned counsel and pursuant to Rule

12(b)(6) of the *Federal Rules of Civil Procedure*, hereby moves this Honorable Court to dismiss

Magellan, with prejudice, from this lawsuit as Plaintiff Gregg K. Silvers's ("Plaintiff") Amended

Complaint fails to state a claim upon which relief can be granted.

**INTRODUCTION**

Plaintiff seeks to recover money from Magellan under a contract to which he is not a

party in order to (presumably) pay a medical provider for behavioral health treatment rendered to

his daughter, despite the fact that the contract sought to be enforced does not obligate Plaintiff to

pay or reimburse the provider for the treatment rendered, and expressly requires the provider to

hold Plaintiff completely harmless from any obligation to pay. Plaintiff's theory is novel, to say

the least, and fails for two main reasons. First, Plaintiff cannot sue Magellan for breach of

contract because Plaintiff is not a party to the contract he seeks to enforce. Second, because

Magellan's contract with the medical provider holds Plaintiff harmless from any obligation to

reimburse or pay the provider for the treatment rendered, Plaintiff has not suffered and cannot suffer any damages under the facts as pled in the Amended Complaint. For these reasons and the reasons set forth more fully herein, Plaintiff's Amended Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

Plaintiff alleges that Blue Cross Blue Shield of Texas ("Blue Cross") contracts with Magellan, a mental health and substance abuse administrator, to administer benefits available under certain Blue Cross Health Plans, including Plaintiff's health plan. (Amended Complaint, D.E. 4, ¶¶ 3-4).[1] Plaintiff alleges that his daughter sought behavioral health treatment at White Horse Ranch ("WHR") in Mooreland, Oklahoma. (D.E. 4, ¶¶ 1, 9.). On September 26, 2016, Magellan and WHR entered into an Ad Hoc Organization Rate Agreement Letter, commonly referred to as a "single case agreement," (hereinafter, the "SCA") pertaining to any authorized and covered services to be provided to Plaintiff's daughter by WHR.[2] (D.E. 4, ¶¶ 8, 11; D.E. 4-1). Plaintiff was not (and is not) a party to the SCA. And importantly, the SCA expressly states that under no circumstances, including non-payment by Magellan or Blue Cross, could WHR ever seek reimbursement or payment from Plaintiff. (D.E. 4-1, at 2).

Pursuant to the SCA, Magellan agreed to process WHR's claims for "covered and authorized behavioral health services" at the stated per diem rate. (D.E. 4-1, at 3). The SCA specifically stated that it did "not constitute authorization" and "[a]ll covered services must be authorized by Magellan." (*Id.*). The SCA also provided that the services sought must be in accordance with Magellan's policies and procedures, the Payor's [Blue Cross's] policies and

---

[1] Plaintiff's allegations are taken as true solely for the purposes of this motion. Magellan reserves all rights to contest Plaintiff's factual allegations on the merits.

[2] An SCA is typically utilized when a provider is not contracted (or "in network") with Magellan or Blue Cross.

procedures, and the Member's [Plaintiff's] Benefit Plan. (*Id.*) Although not material to the instant Motion, Magellan and Blue Cross ultimately denied WHR's request for reimbursement/payment for behavioral health services provided to Plaintiff's daughter because those services were neither clinically authorized nor covered under Plaintiff's benefit plan. Tellingly, WHR has not made demands (much less filed suit) against Magellan or Blue Cross for breach of the SCA. Instead, Plaintiff—who (1) is not a party to the SCA, (2) has received the benefit of the services provided by WHR, and (3) is expressly held harmless with respect to any obligation to pay WHR—is inexplicably bringing a breach of contract claim against Blue Cross and Magellan to recover monies supposedly owed to entity that is not even a party to this lawsuit.

## STATEMENT OF ISSUES

A.      Can Plaintiff bring a claim for breach of a contract to which he is not party?

B.      If Plaintiff is permitted to sue on a contract to which he is not a party, should his claim nevertheless be dismissed for lack of damages given that the contract expressly holds him harmless from any obligation to pay or reimburse the medical provider?

## LEGAL STANDARD

A district court should grant a motion to dismiss "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted). While the Court must take all factual allegations made in a complaint as true, the United States Supreme Court heightened a plaintiff's pleading requirements in *Bell Atlantic Corporation v. Twombly*. 550 U.S. 544 (2007). In order to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are

true." *Id*. at 555 (internal quotations and citations omitted). Specifically, a plaintiff's claim must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face" such that it has "nudged [its] claims across the line from conceivable to plausible." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## ARGUMENT

### I.       Plaintiff's Breach Of Contract Claim Fails Because He Is Not A Party To The SCA.

The Fifth Circuit has held for over a hundred years that "when an action [is] founded upon a contract, the elementary rule is that no one can sue for damages thereon who is not a party to the contract." *W. Union Tel. Co. v. Wood*, 57 F. 471, 475 (5th Cir. 1893); *see also El Paso Cmty. Partners v. B&G/Sunrise Joint Venture*, 24 S.W.3d 620, 626 (Tex. App.–Austin 2000, reh'g overruled) ("[G]enerally someone who is not a party to an agreement has no interest in the terms of that contract."); *Lea-Stokes v. Hunt Cnty. Mental Health and Mental Retardation Ctr.*, 3:04-CV-0748, 2005 WL 1875442, at *2 (N.D. Tex. Aug. 5, 2005) (granting motion to dismiss for party who was not a party to the contract at issue); *Medistar Twelve Oaks Partners, Ltd. v. Am. Economy Ins. Co.*, H-09-3828, 2011 WL 3236192, at *6 (S.D. Tex. July 27, 2011) (same). Indeed, "to have standing to assert a breach of contract cause of action under Texas law, the plaintiff must be a party to the contract, a third-party beneficiary, or an assignee.[3] *Grand Parkway Surgery Ctr., LLC v. Health Care Serv. Corp.*, No. CIV.A. H-15-0297, 2015 WL 3756492, at *2 (S.D. Tex. June 16, 2015).

---

[3] Plaintiff has not alleged he was assigned rights under the SCA, nor does he claim to be a third-party beneficiary of that agreement. Even if Plaintiff had pled that the SCA created third-party beneficiary rights, the only expressly delineated right is to be held harmless from any obligation to pay WHR. Plaintiff, however, has not alleged that WHR has made any demand for payment. If any such demand were made by SCA, Plaintiff could presumably enforce the hold harmless provision against WHR.

In this regard, "in Texas, privity of contract is an essential element for recovery in an action based on a contractual theory." *Note Investment Group, Inc. v. Assoc's First Capital Corp.*, No. 1:12-CV-419, 2013 WL 11330534, at *2 (E.D. Tex. May 23, 2013). And, "to prove an action for breach of contract, one of the essential elements requires that the plaintiff must establish that he is a proper party with relation to the contract." *McCord v. Prudential Ins. Co. of Am.*, No. 1:10-CV-413, 2011 WL 3240486, at *7 (E.D. Tex. July 1, 2011). "Parties to a contract are the signatories to the contract or those who have otherwise indicated their consent to be bound by the contractual promises." *Id.*

Here, Plaintiff seeks to "recover from Defendants the negotiated per diem rate under the single case agreement" and alleges that Defendants "chose to breach/renege on the single case agreement." (D.E. 4, ¶¶ 28, 30). Importantly, however, Plaintiff is not a party to the SCA. Instead, the SCA is an agreement between Magellan and WHR that, under certain circumstances, would allow WHR to obtain reimbursement from Blue Cross for covered and authorized services provided to Plaintiff's daughter. Because Plaintiff's own allegations demonstrate the absence of contractual privity, his claim for breach of contract fails as a matter of law. *See McCord*, 2011 WL 3240486, at *7 (granting motion to dismiss on breach of contract claim against third party administrator brought by insured under LTD insurance policy because there was no privity between insured and third party administrator which could give rise to breach of contract claim). Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

## II.  Plaintiff Has Suffered No Damages.

Even assuming that Plaintiff—a non-party to the SCA—can sue Magellan for breach of the SCA (which, to be clear, he cannot), Plaintiff's breach of contract claim nevertheless fails because he has suffered no (and cannot suffer any) damages. "To prevail on a breach of contract

claim, the Plaintiff must show: (1) the existence of a valid contract; (2) [his] performance or tendered performance; (3) breach of the contract . . . ; [and] (4) **damages to the plaintiff resulting from that breach**." *Lam v. Thompson & Knight, LLP*, No. CIV.A.302CV2555-R, 2003 WL 22220666, at \*3 (N.D. Tex. Sept. 25, 2003), *aff'd as modified sub nom. Lam v. Thompson & Knight*, 104 F. App'x 975 (5th Cir. 2004) (emphasis added); *see also Castillo v. Beneficial Fin. I Inc.*, No. 3:13-cv-4554-M-(BH), 2015 WL 6668207, at \*6-7 (N.D. Tex. Oct. 13, 2015) ("Plaintiffs do not allege that they incurred any other damages as a result of Defendant's alleged breach. They have therefore failed to sufficiently allege the damages element of their breach of contract claim, and their claim should be dismissed."); *Hernandez v. Nat'l Lloyds Ins. Co.*, No. 5:15-cv-1008-RP, 2017 WL 3065117, at \*2 (W.D. Tex. July 19, 2017) (holding that breach of contract claim failed as a matter of law and stating the plaintiff "could have suffered no damages from Defendant's investigation and denial of her claim, and thus her breach of contract claim fails as a matter of law.").

Here, Plaintiff alleges that Magellan and Blue Cross breached the SCA by failing to pay WHR for medical services rendered to his daughter. (D.E. 4, at ¶ 28). Even assuming for the sake of argument that the decision to deny reimbursement was incorrect or inconsistent with the SCA, the SCA makes it explicitly clear that WHR <u>can never seek reimbursement or payment for such services from Plaintiff</u>. It states, in pertinent part,

> By accepting this agreement, **[WHR] agrees** that this rate is to be accepted as payment in full and **that in no event, including but not limited to, non-payment by Magellan or [Blue Cross]** (the health insurance program, employer or other entity contracting directly or indirectly with Magellan that has the ultimate responsibility for payment of covered services to members), insolvency of Magellan or [Blue Cross], or breach of this agreement, **shall [WHR] bill, charge, collect a deposit from, seek compensation, remuneration or reimbursement from, or have any recourse against any member or any other persons** other than Magellan for services provided pursuant to this Agreement.

(*See* D.E. 4-1, at 2) (emphasis added). In other words, the SCA holds Plaintiff <u>completely</u> <u>harmless</u> from any obligation to pay WHR the monies he seeks to recover in this lawsuit and any such recovery could potentially constitute a complete windfall, *i.e.* – Plaintiff would receive the benefit of WHR's services as well as payment for those services, but would have no legal or contractual obligation to reimburse WHR, and WHR would likewise have no recourse against Plaintiff.[4] For this additional reason, Plaintiff's Amended Complaint should be dismissed.

## CONCLUSION

For the reasons set forth above, Magellan respectfully requests that this Honorable Court dismiss Plaintiff's claim against Magellan, with prejudice, and grant Magellan any other relief it deems just and proper.

Respectfully submitted by,

*/s/ Stephen C. Jackson*
Stephen C. Jackson (TX Bar No: 24090637)
*Attorney for Defendant Magellan Healthcare, Inc.*

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Ave. North, Suite 2400
Birmingham, AL 35203
Telephone: 205.254.1000
Fax: 205.254.1999
Email: sjackson@maynardcooper.com

---

[4] WHR could bring its own lawsuit against Magellan for breach of the SCA. This, of course, would subject Magellan to potential duplicative liability. For this reason, if the Court is not inclined to grant Magellan's motion to dismiss, Magellan intends to move the Court to allow joinder of WHR as a necessary party pursuant to Fed. R. Civ. P. 19(a). Magellan will then demonstrate that WHR has no claim under the SCA because it was repeatedly informed that the treatment provided and to be provided was neither covered nor authorized.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2017, I served a copy of the foregoing on all parties and/or counsel of record by using the CM/ECF system and/or U.S. Mail and/or electronic mail, postage prepaid and properly addressed, as follows:

Jeffrey L. Greyber
MERLIN LAW GROUP
222 Lakeview Ave, Suite 950
West Palm Beach, Florida 33401
Phone: (561) 855 -2120
Fax: (561) 249-1283
Jgreyber@merlinlawgroup.com

Martin James Bishop
Rebecca R. Hanson
Reed Smith LLP - Chicago
10 South Wacker Drive, Suite 4000
Chicago, Illinois 60606
Phone: (312) 207-1000
Mbishop@reedsmith.com
Rhanson@reedsmith.com

*/s/ Stephen C. Jackson*
**OF COUNSEL**